**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VALERIE FLORES,

Plaintiff,

v. 1:25-cv-01743 (AMN/ML)

TYRONE HOYE, CENTORIAN HOYE,[1] MICHAEL HOYE, JAMAL WHEATON, DEREK; DARRYL FRANKLIN, JR; DERELL CARTER; and MARK INGRAM

Defendant.

---

**APPEARANCES:** **OF COUNSEL:**

**VALERIE FLORES**
P.O. Box 1110 ACP 5749
Albany, NY 12201
Plaintiff *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On December 14, 2025, plaintiff *pro se* Valerie Flores ("Plaintiff") commenced this action against Tyrone Hoye, Centorian Hoye, Michael Hoye, Jamal Wheaton, Derek, Darryl Franklin, Jr., Derell Carter, and Mark Ingram (together, "Defendants"), alleging violations of her rights, Dkt. No. 1, and filed a motion to proceed *in forma pauperis*, Dkt. No. 2.

---

[1] The Court notes that Defendant Centorian Hoye's name has previously appeared on the docket as "Centonan." Plaintiff clarified in a letter to the Court that the proper spelling is "Centorian." Dkt. No. 19 at 1. The Clerk is accordingly directed to update the docket to reflect the correct spelling.

This matter was referred to United States Magistrate Judge Miroslav Lovric. On January 5, 2026, Magistrate Judge Lovric denied Plaintiff's IFP motion as incomplete. Dkt. No. 4. On January 16, Plaintiff filed an amended complaint, Dkt. No. 7 ("Complaint"), and a letter motion for a lifetime injunction and restraining order, Dkt. No. 8 ("Motion"). On January 26, 2026, Plaintiff separately filed a letter motion seeking an injunction against "all Defendants and their significant others." Dkt. No. 10 at 1. After Plaintiff filed an amended motion to proceed IFP on January 27, 2026, Dkt. No. 11, Magistrate Judge Lovric again denied Plaintiff's request because Plaintiff's application was incomplete, Dkt. No. 14. Plaintiff filed a second amended motion to proceed IFP on March 10, 2026, Dkt. No. 15, which Magistrate Judge Lovric denied because Plaintiff's application information required clarification as to her reported income, Dkt. No. 17.

Plaintiff filed a third amended motion to proceed IFP on April 3, 2026. Dkt. No. 18. On June 3, 2026, Plaintiff filed a third letter motion to clarify the amount of her monetary demand. Dkt. No. 19. On September 4, 2026, Magistrate Judge Lovric granted Plaintiff's request to proceed IFP and reviewed the Complaint pursuant to 28 U.S.C. § 1915. Dkt. No. 22 ("Report-Recommendation"). Magistrate Judge Lovric recommended that this Court dismiss the Complaint in its entirety without leave to amend. *Id.* at 11.[2] Pursuant to 28 U.S.C. § 636(b)(1), Magistrate Judge Lovric advised that the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within those fourteen days would preclude appellate review. *Id.* at 12. On September 22, 2026, Plaintiff submitted a written objection. Dkt. No. 23.

For the following reasons, the Court adopts the Report-Recommendation in its entirety.

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

## II. STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). Similarly, if an objection simply rehashes arguments originally presented to the magistrate judge, this Court reviews the relevant portions of the report-recommendation for clear error. *See id.* at 228-29 & n.6 (collecting cases). Similarly, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [previously] presented to the magistrate judge," the district court reviews a magistrate judge's report-recommendations for clear error. *O'Diah v. Mawhir*, No. 08-cv-322, 2011 WL 933846, at *1 (N.D.N.Y. Mar. 16, 2011) (citations omitted); *accord Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (a "statement, devoid of any reference to specific findings or recommendations to which [the plaintiff] objected and why, and unsupported by legal authority, was not sufficient to preserve" a claim); *Petersen*, 2 F. Supp. 3d at 228-29 & n.6 (collecting cases). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 21-cv-1138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations

omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). That said, "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal[.]" *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, (S.D.N.Y. Aug. 25, 2011) (citation omitted); *accord Caldwell v. Petros*, No. 22-cv-567, 2022 WL 16918287, at *1 (N.D.N.Y. Nov. 14, 2022). After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

Read liberally, Plaintiff's objection comprises a conclusory request for $40,000 from each Defendant. Dkt. No. 23.[3] Plaintiff's objection, filed eighteen days after Magistrate Judge Lovric issued the Report-Recommendation, is untimely. *See* Dkt. Nos. 22-23. Moreover, Plaintiff does not address any specific finding in the Report-Recommendation or support her position with legal authority. *See generally* Dkt. No. 23. Accordingly, because Plaintiff has not raised any properly preserved objection to the Report-Recommendation, the Court reviews the Report-

---

[3] Plaintiff suggests that she is entitled to compensation pursuant to Wisconsin's Crime Victim Compensation program. Dkt. No. 23; *see* Wis. Stat. §§ 949.001 *et seq.* Under Wisconsin law, the state department of justice is responsible for administering the Crime Victim Compensation program, *see* Wis. Stat. § 949.02, and provides an administrative process by which individuals may apply for an award, *id.* at § 949.04. That agency is not a party to this action, nor does Plaintiff offer any reason to believe that this Court is empowered to grant an award under Wisconsin's program. *See* Dkt. No. 23.

Recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 228-29; *Caldwell*, 2022 WL 16918287, at *1.

Magistrate Judge Lovric recommended that the Court dismiss Plaintiff's Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), or alternatively, for failure to state a claim upon which relief may be granted. Dkt. No. 22 at 7-9.

Magistrate Judge Lovric first analyzed whether the Court has subject matter jurisdiction over Plaintiff's claims as alleged in the Complaint. A federal court has jurisdiction over a matter only when it presents a "federal question," 28 U.S.C. § 1331, or where there is "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 136 (2d Cir. 2002). Magistrate Judge Lovric found that Plaintiff has not raised any federal question. Dkt. No. 22 at 6. Construing the Complaint liberally in deference to Plaintiff's *pro se* status, Magistrate Judge Lovic found that the Complaint refers to several federal criminal statutes, none of which provide a private right of action under which Plaintiff might sue. *Id.* (first citing Dkt. No. 7-1, then quoting *Limtung v. Thomas*, No. 19-CV-3646, 2019 WL 6253815, at *3 (E.D.N.Y. Nov. 21, 2019) and *Shidagis v. Broome Cnty. D.S.S.*, No. 23-CV-0031, 2023 WL 2140019, at *1 (N.D.N.Y. Feb. 21, 2023) (Sannes, C.J.)). As to diversity jurisdiction, Magistrate Judge Lovric found it "debatable whether the [Complaint] asserts enough information for the Court to determine whether the parties are completely diverse." Dkt. No. 22 at 6. Magistrate Judge Lovric noted that Plaintiff appears to assert that Defendants are citizens of Wisconsin, though with limited detail; and that Plaintiff has filed a letter clarifying that she seeks $40,000 from each Defendant, for an aggregated total of between $280,000 and $320,000. Dkt. No. 22 at 6-7 (citing Dkt. No. 19). Magistrate Judge Lovric also noted that the amount in controversy requirement of the diversity jurisdiction statute permits aggregation. *Id.* at

6-7 (citing Dkt. No. 7 at 2-3; *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011)); *see also* 28 U.S.C. § 1332. Magistrate Judge Lovric accordingly assumed without deciding that Plaintiff adequately alleges subject matter jurisdiction based on diversity of citizenship and addressed the merits of the Complaint.[4]

Magistrate Judge Lovric next recommended that this Court dismiss the Complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dkt. No. 22 at 7-8. Even after construing the Complaint liberally in deference to Plaintiff's *pro se* status, Magistrate Judge Lovric found that "Plaintiff does not provide any 'plausible factual support for her claims of stalking'" and her claims accordingly "'rise to the level of irrational and must be dismissed as frivolous.'" *Id.* at 8 (quoting *Moore v. Georgia*, No. 24-CV-5545, 2024 WL 4149959, at *3 (S.D.N.Y. Sept. 11, 2024)).

Magistrate Judge Lovric recommended in the alternative that the Court dismiss the Complaint for failure to state a claim upon which relief may be granted. *Id.* at 8-9. Magistrate Judge Lovric explained that "the criminal statutes that Plaintiff purports form the legal basis of her claims," including Wisconsin Statute 940.22 and 18 U.S.C. §§ 2261(A), 15141, 1201, and 1203, "do not 'confer a private right of action on Plaintiff.'" *Id.* at 8 (quoting *Flores v. KW Call Center Services*, No. 26-CV-0122, 2026 WL 1481648, at *3 (N.D.N.Y. May 27, 2026) (Sannes, C.J.)). Magistrate Judge Lovric further found that, to the extent that the Court may liberally construe the Complaint as asserting claims of stalking or harassment pursuant to New York common law, New York similarly does not recognize private causes of action for stalking or harassment. *Id.* at 9 (citing *Graham v. UMG Recordings, Inc.*, 806 F. Supp. 3d 454, 476 (S.D.N.Y. 2025); *Jones v. L3 Harris*, 730 F. Supp. 3d 26, 29 (W.D.N.Y. 2024)).

---

[4] Because the Court dismisses the Complaint, the Court agrees that it is unnecessary to resolve the closer question of whether Plaintiff has adequately pled diversity jurisdiction.

Next, Magistrate Judge Lovric recommended that this Court not grant leave to amend, even after giving deference to Plaintiff's *pro se status*. *Id.* at 10. Magistrate Judge Lovric found that better pleading would not cure the deficiencies identified in Plaintiff's claims, because they are frivolous on their face and rely on statutes that do not provide a private right of action as a matter of law. *Id*. at 9-10.

Finally, Magistrate Judge Lovric noted that Plaintiff has filed three letter motions seeking injunctive relief based upon her claims in this case. *Id.* at 11 (citing Dkt. Nos. 8, 10, 16, 19). Magistrate Judge Lovric recommended that this Court deny Plaintiff's letter motions because the claims upon which Plaintiff seeks relief are frivolous or without legal basis. *Id.*

After review, the Court finds no clear error in the Report-Recommendation. The Court therefore adopts the Report-Recommendation in its entirety and dismisses the Complaint without leave to amend.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No 22, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 7, be **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff's Letter Motions, Dkt. Nos. 8, 10, 19, are **DENIED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[5]

[5] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.

**IT IS SO ORDERED.**

Dated: October 13, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge